**FILED**

**MAY 1 2 2020**

Clerk, U.S. District Court
District Of Montana
Missoula

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| KELLY TARBERT,<br><br>              Plaintiff,<br><br>vs.<br><br>ALEX AZAR, Secretary, U.S.<br>Department of Health & Human<br>Services,<br><br>              Defendant. | CV 19–149–M–DLC<br><br><br>ORDER |

Tarbert requests attorney's fees under the Equal Access to Justice Act

("EAJA") for the work performed by her attorney, Allan McGarvey, in challenging

the Medicare Appeals Council's ("the Council") decision denying her relief.

(Docs. 30, 31.)  For the reasons explained, the motion is granted in part.

### Background

In 1997, Kelly Tarbert moved to Libby, Montana where she was exposed to

asbestos dust from a local mining operation and eventually developed respiratory

problems.  (Doc. 28 at 3.)  In 2011, Tarbert obtained a $51,908.00 settlement for

her asbestos-related injuries.  (*Id.*)  Under Medicare's secondary payer statute,

Medicare then sought reimbursement for medical bills that were subsequently

compensated by her settlement.  (*Id.* at 3–4.)  After considerable back and forth

with the agency, in October of 2012, Medicare produced a final bill of payments

1

for which it sought reimbursement. (*Id.* at 3–5.)  However, Tarbert still disputed

some of the charges on her final bill. (*Id.*)  Specifically, she disputed any charge

that occurred within ten years of her initial exposure as asbestos related injuries

have a minimum ten-year latency period. (*Id.* at 6.)

Tarbert sought review of her case before an administrative law judge

("ALJ"). (*Id.* at 7.)  At the hearing, McGarvey informed the ALJ that Tarbert was

only challenging the charges that were circled on the billing form. (*Id.* at 8.)

When the ALJ issued his written decision, he looked to the only place in the record

that contained circled charges—an outdated billing form that Tarbert had

submitted earlier in the dispute resolution process.[1] (*Id.* at 12.)  The ALJ then

issued a "fully favorable" decision, however, his reliance on the outdated form

resulted in a reduction of only $208.03 instead of Tarbert's requested $1,782.31.

(*See id.* at 7–9).

Tarbert then appealed to the Council. (*Id.*)  Attached to her appeal, Tarbert

submitted the July 2012 form on which she circled a different set of disputed

charges. (*Id.* at 9.)  Because Tarbert did not use Medicare's current billing

statement from October 2012, it appeared as though she was disputing only some

of the latency period charges. (*Id.*)  To indicate the total in dispute, Tarbert

---

[1] The outdated billing form was from April 2012, whereas Medicare's final billing form was
issued in October 2012.

separately submitted an adding tape that corresponded to the circled charges on the July 2012 form, but did not instruct the agency to disregard the circled charges on the April 2012 form or otherwise explain the ALJ's confusion. (*Id.*) The Council adopted the ALJ's decision after determining that Tarbert still had not clearly identified the disputed charges. (*Id.*)

Tarbert appealed to this Court. (Doc. 1.) The Court remanded upon finding that the Council's decision was not supported by substantial evidence because Tarbert's identification of the disputed charges was reasonably clear once the records submitted by Tarbert were compared side by side. (Doc. 28 at 12–13.) Tarbert now requests attorney's fees for McGarvey's time seeking this Court's review.

## Discussion

To award attorney's fees under the EAJA, a court must determine that "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(B). A court's award of fees is subject to its discretion. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).

## I.     Whether Tarbert is the prevailing party.

A party is a prevailing party when she "succeed[s] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).  Here, Tarbert succeeded on a significant issue when the Court determined that the "Council's decision to adopt the ALJ's findings is not supported by substantial evidence" and remanded to the agency to remove the latency period charges.  (Doc. 28 at 14.)  Accordingly, Tarbert is the prevailing party.  The Government does not argue otherwise.

## II.     Whether the Government's position is substantially justified.

The government's position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  In other words, "substantial justification is equated with reasonableness." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).  The government's position is reasonable when it is supported in law and fact.  *Id.*  The government bears the burden to justify both "the original agency action and its litigation position." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. U.S. Forest Serv.*, No. 3:10-CV-01397-SI, 2014 WL 3546858, at *1 (D. Or. July 15, 2014) (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)).  That said, a court's determination that the agency's position was not supported by

4

substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja*, 428 F.3d at 874.

In its cross motion for summary judgment, the Government primarily argued that the Council's decision should be upheld because Tarbert's request was not clearly articulated. (*See* Doc. 20 at 18–20.) Specifically, the Government argued that Tarbert failed to explain why she disputed some, but not all, of the pre-2007 charges. (*Id.*) The Government also observed that to the extent there was any mistake in the agency's ruling, the mistake was due to the agency's reasonable reliance on Tarbert's instruction that she was only challenging the circled charges. (*Id.* at 19.)

While both contentions may be true, neither argument is directly responsive to whether the Council's decision was supported by substantial evidence. The Council denied Tarbert relief because it believed that Tarbert had not specifically identified the disputed charges. (Doc. 28 at 9–10.) But the Council was wrong. Tarbert's documentation on appeal provided enough information that the agency ought to have been able to discern the disputed charges. The Government has not met its burden to show that the Council's decision was supported by substantial evidence and its litigation position was not substantially justified. Tarbert is therefore entitled to fees, assuming her request is reasonable.

### III.    Whether the award of fees is reasonable.

The EAJA permits an award of reasonable attorney's fees.  28 U.S.C.

§ 2412(d); *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.1 (9th Cir. 2001).  In *Hensley*

*v. Eckhart*, the Supreme Court provided instructions for analyzing the

reasonableness of a fee, stating that "[t]he most useful starting point . . . is the

number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate," a calculation known as the "lodestar."  461 U.S. 424, 433 (1983).

Because the hourly rate under the EAJA is capped by Congress, *Mink*, 239 F.3d at

1145, the only question here is whether Tarbert is entitled to all of the hours

claimed by her attorney.

The Government asserts that Tarbert's award should be reduced to deduct

those hours spent on unsuccessful claims that are unrelated to the claim on which

she prevailed.  (Doc. 32 at 7–8.)  And, because Tarbert's attorney did not provide a

detailed accounting of his time, the Government suggests that McGarvey's hours

be cut in half because Tarbert's filings devote approximately equal length to the

unsuccessful issues.  (*Id.* at 8–9.)

When a plaintiff prevails on only some of her claims, courts apply a two-

step process.  *Hensley*, 461 U.S. at 434.  At the first step, the court asks whether

the failed claims are unrelated to the successful ones.  *Id.*  Hours spent on unrelated

and unsuccessful claims should not be compensated.  *Id.* at 440.  Claims are

6

unrelated if they are distinct in law and fact from the successful claims.  *Mink*, 239

F.3d at 1147 (quotation marks and citation omitted).  The second step asks whether

the "plaintiff achieve[d] a level of success that makes the hours reasonably

expended a satisfactory basis for making a fee award."  *Hensley*, 461 U.S. at 434.

"Where a plaintiff has obtained excellent results, his attorney should recover a

fully compensatory fee[.]"  *Id.*

 If a court determines that the fee award should be reduced on account of

"excessive, redundant, or otherwise unnecessary" hours, the court may conduct an

hour by hour analysis of the fee request removing the extraneous hours.  *McCown*

*v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461

U.S. at 434).  Where a fee request is massive, or it is otherwise impossible to

engage in an hourly accounting, a "court has the authority to make across-the-

board percentage cuts either in the number of hours claimed or in the final lodestar

figure."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)

(quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).  When a

"court decides that a percentage cut (to either the lodestar or the number of hours)

is warranted, it must 'set forth a concise but clear explanation of its reasons for

choosing a given percentage reduction.'"  *Id.*

 Tarbert filed two motions for summary judgment.  (Docs. 9, 12.)  Each

supporting brief was six pages long.  (Docs. 10, 13.)  Tarbert's first motion for

summary judgment devoted equal length to arguing (1) that the Council erred in adopting the ALJ's decision, and (2) that Tarbert was entitled to attorney's fees. (Doc. 10 at 2–3.) Tarbert's second motion for summary judgment devoted approximately equal length to her request for declaratory judgment that (1) the Council's decision was unreasonably delayed, and that (2) Tarbert was accordingly entitled to an interest penalty payment. (Doc. 13 at 2–5.) Tarbert was successful only on the first contention raised in her first motion, that the Council erred in adopting the ALJ's decision. As for Tarbert's remaining assertions, the Court denied Tarbert's request for fees as premature, denied her request for an interest penalty finding no legal basis for this argument, and declined to consider the unreasonable delay argument, having already ruled in her favor on the first issue. (Doc. 28 at 12–14.) Because Tarbert prevailed on only one of her four claims, the question is whether any time spent on other claims should be deducted.

Tarbert's unsuccessful interest penalty claim is unrelated in law and fact to her successful claim that the Council erred in adopting the ALJ's decision. Tarbert's interest penalty claim purportedly arose under 42 C.F.R. § 405.1100 (which provides 90 days for the Council to issue a decision) or, alternately, 5 U.S.C. § 555(b) (which provides a decision within a "reasonable time"). Factually, Tarbert asserts that an interest penalty is appropriate because the Council took 4 years and 9 months to issue its decision. (Doc. 13 at 2–13.) Whereas Tarbert's

successful claim arose under 42 U.S.C. § 405(g) (providing for judicial review of an agency action) and 42 U.S.C. § 1395y(b) (entitling Medicare to collect reimbursement as a secondary payer for payments covered by a primary payer) and alleged that the agency erred by seeking reimbursement for charges incurred during the ten-year latency period.  These claims are factually and legally unrelated because Tarbert sought different forms of relief, under different laws, for different wrongs.

However, contrary to the Government's assertion, Tarbert's request that the Court grant her relief on the merits because the agency's decision was unreasonably delayed is not an unsuccessful claim.  The Court never specifically ruled on this issue because it had already granted Tarbert's request to remand to the agency with instructions to deduct $1,782.31 from her bill.  (Doc. 28 at 14 n.5.) Reducing fees for time spent pursuing an alternate legal theory would fly in the face of Rule 8(d).  *See* Fed. R. Civ. Pro. 8(d).

Having agreed with the Government in part and finding that one of Tarbert's four claims is unrelated to her successful claim, the Court turns the *Hensley*'s second step and asks whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434.  "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee[.]" *Id.*

9

The Court is not convinced that Tarbert obtained an excellent result. In its order granting Tarbert's motion for summary judgment, the Court observed that Tarbert's appeal to the Council was "not the model of clarity." (Doc. 28 at 13.) But that is not the full extent of it. Tarbert's appeal has been confusing from its inception. (*See id.* at 12.) Tarbert did not clearly organize her paperwork before the ALJ, which resulted in a partial ruling in her favor, even though the ALJ fully agreed with her position. (*Id.* at 8–9.) Then, Tarbert submitted a hurried appeal to the Council that failed to clearly explain her position. (*See* Doc. 32 at 4.) Finally, Tarbert's one-and-a-half-page discussion in her summary judgment brief provided little more explanation of the mistake that infected the agency's proceeding. While brevity is generally appreciated, Tarbert's cursory treatment required the Court to do what the agency did not—sift through the entire administrative record to compare Medicare billing statements line by line, attempting to discern the nature of the mistake. Although Tarbert succeeded in her claim, the Court doubts its review would have been necessary had Tarbert more fully explained her position to the agency. For this reason, reducing the fee award to deduct time spent on the unsuccessful claim is appropriate.

For the sake of accuracy, the Court would prefer to analyze McGarvey's billing records hour by hour and remove only those hours attributable to the interest penalty issue, however, McGarvey's records make that impossible. Instead

10

of submitting detailed records with specific allocations of the time spent on various

tasks, McGarvey's records reflect general tasks submitted in time blocks. As it

pertains to the two motions for summary judgment, McGarvey indicates only that

he spent 6.7 hours to "Research Draft, revise and finalize Motion for Summary

Judgment and supporting brief." (Doc. 31-1 at 2.) Courts have discretion to

reduce the lodestar by an overall percentage when an hour-by-hour analysis is not

possible. *See Gonzalez*, 729 F.3d at 1203.

For this reason, the Government's suggested approach makes sense. Setting

aside the 10.8 hours that McGarvey spent preparing the motions for attorney's

fees, (*see* Doc. 31-1 at 3), the Court will reduce the balance of the hours by 25% to

reflect time spent on the unsuccessful issue.[2] The Court will similarly reduce the

10.8 hours spent on preparing the motions for attorney's fees by 25%. *See Native

Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069, 1081 (D. Mont. 2013). This

reduction is particularly appropriate here, as Tarbert briefed the issue twice and

then amended her timely motion to account for various mistakes. McGarvey

requests a total of 37.1 hours at the statutory rate of $205.25/hour for a total of

---

[2] Even though Tarbert spent only 6.7 hours on the motion for summary judgment, the Court will reduce the total figure absent the fee request by 25%, recognizing that all other tasks performed in the case (e.g., drafting the Complaint, preparing the statement of undisputed facts, etc.) are necessary and related to pursuing each of Tarbert's four issues. This method of allocation is imperfect because it assumes that time spent on these tasks is distributed equally across the issues, nevertheless, the Court is not required justify its decision by precise mathematical formulas. *Hensley*, 461 U.S. at 436.

11

$7,614.77.  Reducing McGarvey's total hours by 25% results in $5,711.08.  The Court will additionally award $494.81 in costs for a total of $6,205.89.

IT IS ORDERED that Tarbert's amended motion for attorney's fees (Doc. 31) is GRANTED in part.  Tarbert is awarded a total of $6,205.89 in attorney's fees and costs.

IT IS FURTHER ORDERED that Tarbert's motion for attorney's fees (Doc. 30) is DENIED as moot.

DATED this 12th day of May, 2020.

Dana L. Christensen, District Judge
United States District Court